IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| HOLLI WRICE, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:16-cv-965-O |
| § | |
| JODY UPTON, Warden § | |
| FMC-Carswell, § | |
| § | |
| Respondent. § | |

**OPINION AND ORDER**

Before the Court is a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Holli Wrice, a federal prisoner confined at FMC-Carswell in Fort Worth, Texas. In addition to a completed form § 2241 petition, the Court has a response from the Respondent with an Appendix. Petition, ECF No. 1; Response, ECF No. 6; Response Appendix (App.), ECF No. 7. After considering the pleadings and relief sought by Petitioner, and the applicable law, the Court finds and determines that the § 2241 petition must be dismissed for lack of jurisdiction.

**I. BACKGROUND**

Petitioner Holli Wrice was convicted in the United States District Court for the Eastern District of Missouri in cause number 1:09-cr-84-SNLJ on three counts: interference with commerce by threat or violence, in violation of 18 U.S.C. § 1951 (Count 1); using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 2); and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (Count 4). App.(January 21, 2011 Judgment), ECF

No. 7-1 at 1-5.[1] On January 21, 2011, she was sentenced to an aggregate term of 147 months' imprisonment. *Id.* at 2. Wrice was subsequently convicted in the United States District Court for the Southern District of Illinois in cause number 4:10-cr-065-01-JPG on two counts: armed bank robbery, in violation of 18 U.S.C. § 2113(a)(d) (Count 1); and brandishing a firearm during and relating to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(c) (Count 2). App. (July 13, 2011 Judgment), ECF No.7-1, at 8-12. Wrice was sentenced to an aggregate term of 346 months' imprisonment, to run consecutive to the remaining portion of the sentence imposed in the United States District Court for the Eastern District of Missouri, for a total aggregate term of 420 months' imprisonment. *Id.* at 9.

## II. CLAIMS FOR RELIEF

In the petition for a writ of habeas corpus under 28 U.S.C. § 2241, Wrice alleges violations of her rights under the First, Fourth, Fifth, and Eighth Amendments to the Constitution arising from different events.[2] She claims that her right to free speech was violated when she was placed in the Special Housing Unit (SHU) at FCI–Waseca after alleging discrimination regarding her right to wear a certain pair of shoes. Pet. ECF No. 1 at 5. She alleges she suffered cruel and unusual punishment in violation of the Eighth Amendment when she was placed in the SHU and not assigned to a lower bunk. *Id.* at 5-6. Wrice alleges that she was deprived of due process of law in violation of the Fifth Amendment when the BOP's responses to her administrative remedies contained false allegations and failed to address the merits of her grievances. *Id.* at 6. And Wrice also alleges she was illegally seized in violation of the Fourth Amendment, and placed in the SHU under false allegations that she

---

[1]The Court will cite to the ECF page numbers as assigned to the imaged copy of the Appendix on the Court's docket.

[2]Although Wrice checked a portion of the § 2241 form indicating she was challenging a prison disciplinary proceeding, she did not otherwise refer to a disciplinary proceeding in the balance of the § 2241 petition. Pet., ECF No. 1, at 2-10.

was involved in a fight and made threats to a staff member. *Id.* Wrice seeks monetary damages, writing that she seeks "to be compensated monetarily for the mistreatment that has been inflicted while in the custody of the Federal Bureau of Prisons." *Id.* at 7.

## III. ANALYSIS

Section 2241 is the proper procedural vehicle in which to raise an attack on "the manner in which a sentence is executed." *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir.2000). Petitioner, however, is not challenging the duration of her sentence, but instead seeks monetary damages for alleged violations of her First, Fourth, Fifth, and Eighth Amendment rights. Such claims are an attack on the conditions of her confinement and are not cognizable in a habeas petition. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement")*; Pierre v. United States*, 525 F.2d 933, 935 (5th Cir.1976) ("Simply stated, habeas is not available to review questions unrelated to the cause of detention"). Thus, Wrice's claims in this suit are outside the proper scope of a § 2241 petition. *See Schipke v. Van Buren*, 239 F. App'x 85, 2007 WL 2491065 at *1 (5th Cir. Aug.30, 2007) (holding that petitioner's claims were outside scope of § 2241 motion where none of the claims raised by petitioner challenged the fact or duration of her confinement and none, if prevailed on, would have entitled her to accelerated release and thus should have been raised in *Bivens* action).

In her reply to the government's response, Wrice agues that the case of *Joseph v. Childress, et al.*, No. 2:11-CV-1752, 2014 WL 782827 (W.D. La. February 25, 2014) supports her filing of a § 2241 petition, as she claims the Plaintiff in that case employed a § 2241 petition to challenge his

detention in SHU. Reply, ECF No. 8, at 2-3. But Wrice's arguments are misplaced. First, that case was not brought as a petition under § 2241, but was instead filed as a civil complaint for relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *See Joseph,* 2014 WL 782827, at *1, *5 n. 2. Second, Joseph did not challenge the duration of confinement, but instead sought injunctive relief against alleged acts of discrimination and sought compensatory and punitive damages for numerous alleged constitutional violations. *Id.* at *3. Thus, the *Joseph* case does not support Wrice's argument that she may pursue her claims for relief under § 2241.

Wrice's claims that her First Amendment right to free speech was violated when she was placed in the SHU for alleging discrimination, her Eight Amendment right to be free from cruel and unusual punishment was violated when she was placed in the SHU and not given a lower bunk, her Fifth Amendment right to due process was violated when the BOP responded to her administrative remedy requests with false allegations, and her Fourth Amendment right against unreasonable searches and seizures was violated when she was placed in the SHU under false allegations, even if true, would not impact the duration of her sentence. The Court therefore lacks jurisdiction to consider these claims as pursued in this § 2241 petition.

## IV. ORDER

For the reasons discussed herein, it is therefore **ORDERED** that Petitioner Holli Wrice's petition for relief under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** on this **8th day** of **January, 2018.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE